UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| Robert L. Oliver<br>Plaintiff<br>Vs.<br>John Lema, Keith Medieros,<br>The Town Of Bristol Department of Police<br>Defendants | C.A. NO. ~~04-167T~~ 05-167T |

PLAINTIFF'S MOTION IN LIMINE, PURSUANT TO RULE 403, TO LIMIT THE ADMISSABILTY OF EVIDENCE REGARDING THE ALLEGED UNDERLYING FACTS OCCURRING PRIOR TO THE UNCHALLENGED ARREST OF ROBERT L. OLIVER ON APRIL 10, 2002.

Now comes the Plaintiff, Robert L. Oliver, and moves pursuant to Rule 102, Rule 402,Rule 403 ,Rule 608(b), and Rule 609 of the Federal Rules of Evidence, to limit the admissibility of the disputed and inflammatory facts contained in Rhode Island and Massachusetts police reports by the Bristol Defendants, from the cross examination of Plaintiff, Robert Oliver, or as might be presented by Defendant's witness, Steven Van Rensellaer, another handicapped impaired individual, who had been previous to the arrest of Oliver, a roommate of the Plaintiff. All such alleged facts relate to allegations occurring prior to the arrest of Robert L. Oliver, a handicapped individual on April 10, 2003 in Bristol, R.I. regarding disputed events allegedly occurring in Massachusetts and Rhode Island on or about April 9,2003.

Any relevance those disputed facts to subsequent behavior of the Defendants are substantially outweighed by the danger of unfair prejudice, by the confusion of the issues before the jury, by consideration of the undue delay, and by the waste of time those

inflammatory allegations will involve, as other wise prohibited by Rule 403 of the Federal Rules of Civil Procedure.

As the basis for his motion, the Plaintiff avers as follows:

1. In his complaint, Plaintiff is only alleging the use of excessive force and discrimination against the handicapped by the Bristol Police Department during the time after the arrest of the Plaintiff on April 10, 2003 by the Bristol Police for the one (1)or two (2) hours in which he was in the sole custody of the Defendants. He is not alleging the lack of probable cause.
2. The events motivating the Bristol Police to obtain a warrant for arrest on April 10, 2003 do not justify their use of excess force after his arrest. They are not relevant to facts occurring after the arrest, and if relevant, their inflammatory nature out weights their relevance.
3. The Defendant policemen's conflicting hearsay statements about Van Rensellear statement preceding Oliver's arrest are not otherwise admissible and do impact Oliver's credibility about the subsequent events by the Defendants' use of excessive force and their failure to provide handicapped transportation following Oliver's arrest.
4. The alleged non hearsay witness to those events is Steven Van Rensellear, who is under a partial guardianship, and has diminished mental abilities.
5. Defendants will attempt to prejudice the jury by introduction of disputed inflammatory allegations related to the eventual nolo plea of the Plaintiff in Rhode Island on another charge, and his guilty plea non jail settlement in Massachusetts. Plaintiff is an obvious cerebral palsy victim who was

living for several years with another emotionally and mentally impaired individual, possible witness, Steven Van Rensellaer, since 1971.Those pleas have no relationship to the credibility of the Plaintiff's testimony about the use of excessive force by the Defendants have their facially lawful arrest.

6. To have to retry those disputed hearsay allegations in the Federal Court will create in effect two mini trials in which an incapacitated person, Steven Van Rensellaer is the only witness.For the Defendants now to require Van Rensellaer now under guardianship, to testify, will waste time, mislead the jury, unfairly prejudice the jury, and cause undue waste of time when Steven Van Rensellaer himself was not a witness to the excess force.
7. None of the facts to be offered by the Defendants were previously heard by a jury, and their truthfulness is in dispute.
8. Admissions to a crime by the Plaintiff does not impeach his credibility in a civil case, but increase his credibility, but such discussion will also inflame and prejudice the jury unfairly to disregard the excessive force used by the Defendants following his arrest.
9. Consideration of this motion before trial would save significant court time and may lead to a settlement.

Plaintiff incorporates herein the attached memorandum of law.

**Wherefore** Plaintiff requests that the Defendants be prohibited from presenting facts to the jury by direct testimony of the Defendants, by the cross examination of the

Plaintiff, Robert Oliver, and of possible witness, Chris Martin, or by the presentation of exhibits, relating to alleged reasons for the arrest which occurred prior to the April 10, 2005 arrest of the Plaintiff, which arrest the Plaintiff is not contesting.

Plaintiff
Robert Oliver
By His Attorney

Keven A. McKenna, Esq.
Keven A. McKenna, P.C.
23 Acorn Street
Providence, RI 02903
401 273-8200 Tel.
401 521-5820 Fax.
KevenM@McKennalaw.cc

**CERTIFICATION**

I hereby certify that I mailed and emailed a true copy of the within to Marc DeSisto, Esq., DeSisto Law, 211 Angell Street, P.O. Box 2563, Providence, Rhode Island 02906-2563, on this 15 day of May, 2006.

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **Robert L. Oliver** : | | |
| **Plaintiff** : | | |
| **Vs.** : | | **C.A. NO. ~~04-167T~~** 05-167T |
| **John Lema, Keith Medieros,** : | | |
| **The Town Of Bristol Department** : | | |
| **of Police** : | | |
| **Defendants** : | | |

PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS MOTION IN LIMINE, PURSUANT TO RULE 403, TO LIMIT THE ADMISSABILTY OF EVIDENCE REGARDING THE ALLEGED UNDERLYING FACTS OCCURRING PRIOR TO THE UNCHALLENGED ARREST OF ROBERT L. OLIVER ON APRIL 10, 2002.

**UNDISPUTED FACTS:**

- Plaintiff is a cerebral palsy victim since birth whose ability to walk without crutches and braces is severally impaired.
- Plaintiff was living with Steven Van Rensellaer since 1971.
- Steven Van Rensellaer is an emotionally and mentally impaired person.
- On April 10, 2002, the Bristol Police arrested Robert Oliver on the charge of Felony Assault/Domestic upon Steven Van Rensellaer in R.I. District Court, case number 62-2002-06518.
- The police in the attached exhibit admit they had difficulty arresting Robert Oliver on April 10, 2003 due to his physical handicaps.
- A no information was signed by the Attorney General on December 2, 2002 on the charge of Felony Assault/Domestic. On December 18, 2002 Chief Judge Albert DeRobbio dismissed the Rhode Island felony assault domestic charge against Robert Oliver involving Steven Van Rensellaer.

- On February 24, 2004, Plaintiff, Robert Oliver plead guilty to certain charges in Massachusetts related to an event with Steven Van Rensellaer in Massachusetts on April 9, 2003, and was sentenced to six month home confinement, contingent upon in pleading to a similar six months home confinement in a later misdemeanor case in Rhode Island related to Van Rensellaer.
- On April 4, 2004, based upon different facts than those involved in the warrant on April 10, 2002, Oliver in the matter of 61-2003-21260 plead nolo to the charge of simple assault/domestic and was given a sentence of six months home confinement.
- Van Rensellaer did not witness the treatment of Oliver after he was arrested by the Defendants.
- Oliver is not contesting his arrest, but his contesting the use of excessive force and the violation of his handicapped rights after his arrest during the limited time in which the Bristol Police held him in custody.

**Argument:**

Alleged facts occurring prior to his arrest and his pleas thereafter do not impact the credibility of Oliver's testimony that the police used excessive force after his arrest and did not provide a handicapped equipped vehicle to transport him to the police station.

Admissions of those putative facts related to the cause for the arrest are an unfair attempt by the Defendants to avoid responsibility for their own wrongful acts by inflaming the passions of the jury just as their inflamed passions caused them to use excessive force in their method of arrest of Robert Oliver.

Such controversial information defeats the purpose of Rule 102 of the Federal Rules of Evidence to ascertain the truth without delay. It will recreate the necessity to retry cases already settled in Massachusetts and Rhode Island without trials. It will distract the attention of the jury to collateral issues[1],[2] not relevant to the determination of Oliver's claims of excessive force and handicapped discrimination. Whether Oliver is a good guy or a bad guy does not justify excessive force[3].

What happen prior to the arrest is not relevant to what happened after the arrest because allegations of the commission of a crime does not justify the use of excessive force by the police. Those prior events and those subsequent pleas do not make the existence of excessive force or discrimination an more or less probable, as defined by Rule 401 of the Federal Rules of Evidence.

Even if those allegations made prior to arrest and the pleas made thereafter are considered relevant under Rule 401, their probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues before the jury[4] and would cause an undue delay in the trial and waste of the jury's time as otherwise prescribed by Rule 403[5] of the Federal Rules of Evidence.[6]

---

[1] Compare *Rhodes v. Michelin Tire Corp.*, E.D.Ky.1982, 542 F.Supp. 60 which held that even though evidence may technically be relevant under broad definition of this rule, it may be excluded if it will be confusing, or unduly prejudicial, or involve undue inquiry into **collateral matters**.

[2] Consider *Orjias v. Stevenson*, C.A.10 (Colo.) 1994, 31 F.3d 995, certiorari denied 115 S.Ct. 511, 513 U.S. 1000, 130 L.Ed.2d 418, which held that a matter is collateral if it could not have been introduced in evidence for any purpose other than for impeachment.

[3] *Aliotta v. National R.R. Passenger Corp.*, C.A.7 K(Ill.) 2003, 315 F.3d 756.A trial judge can exclude admission evidence if its probative value is substantially outweighed by the danger of unfair prejudice.

[4] *Blancha v. Raymark Industries*, C.A.3 (Pa.) 1992, 972 F.2d 507, rehearing denied. Evidence may be excluded when its admission would lead to litigation of collateral issues, thereby creating a side issue which might distract the jury from the main issues

[5] *Yardman v. San Juan Downs*, Inc., N.M.App.1995, 906 P.2d 742, 120 N.M. 751, certiorari denied 904 P.2d 1061, 120 N.M. 636 which held that before permitting use of evidence for impeachment, trial should ascertain whether evidence meets general standards for admissibility under relevancy rule and rule

They would have no impact on any attempt to impeachment the credibility of the Plaintiff because of none of those events involve observations of the wrongful events from which the Plaintiff seeks relief. The character of the Plaintiff, pursuant to Rule 405(b) has no bearing on the right of the police to use excessive force.

Furthermore, the Plaintiff has not denied responsibility for his actual wrongful acts, but accepted responsibility for his pleas. His pleas, although inflammatory, do not provide a basis for an impeachment of his credibility[7].

Plaintiff's nolo plea should not be allowed to be used against him in a civil trial, pursuant to Rule 410 (2).

The Defendants have no personal knowledge, as required by Rule 602 of the allegations of Steven Van Rensellaer, and their hearsay statements should not be admitted. Pursuant to Rule 801(c) the hearsay statements of the police regarding Van Resselaer's statement can offer nothing to prove the truth on disprove the truth of the issue of use of excessive force because Steven Van Rensellaer did not witness those events.

Extrinsic evidence, such as police statements, cannot be pursuant to Rule 608 (b)[8] used to attack the Bob Oliver's character or truthfulness.

---

providing for exclusion of evidence where evidence's probative value is outweighed by danger of unfair prejudice, confusion, or waste of time

[6] *Wells v. Smith,* D.Md.1991, 778 F.Supp. 7 held that District Court are a under duty to avoid needless waste of time in presentation of evidence and to avoid any unfair prejudice that substantially outweighs probative value of evidence, or which could mislead jury in the same fashion

[7] *U.S. v. Devery*, S.D.N.Y.1996, 935 F.Supp. 393, affirmed 128 F.3d 38, certiorari denied 118 S.Ct. 1399, 523 U.S. 1065, 140 L.Ed.2d 657 holds that not all prior bad acts are admissible to impeach witness; such acts are only admissible insofar as they bear on witness's propensity for truthfulness or untruthfulness, and even if prior act does concern witness's character for truthfulness, its probative value must not be substantially outweighed by its unfairly prejudicial effect.

[8] *Moore v. Volkswagenwerk*, A.G., D.C.Md.1983, 575 F.Supp. 919. provides that

Pursuant to Rule 609(a)(2), Oliver's guilty plea in Massachusetts is not admissible because he did not plea to a crime involving dishonesty or a false statement.

Oliver's Massachusetts's plea is not admissible under the hearsay exceptions under the Rule 803 (22) because such plea does not prove any fact essential to sustain a defense judgment because a sequential plea does not justify the use of excessive force after an arrest.

**Relief Sought:**

Oliver's pleas are not admissible evidence.

Any statements by the Defendants or its witnesses relating to the descriptions of the underlying charges are not admissible evidence.

Only evidence related to the approximate two hours of custody by the Defendants are admissible.

Plaintiff
Robert Oliver
By His Attorney

Keven A. McKenna, Esq.
Keven A. McKenna, P.C.
23 Acorn Street
Providence, RI 02903
401 273-8200 Tel.
401 521-5820 Fax.
KevenM@McKennalaw.cc

---

Rule 609(a)(1) of these rules providing that, for the purpose of attacking credibility of a witness, evidence that he has been convicted of a crime shall be admitted if the crime was punishable by death or imprisonment in excess of one year and that "the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant" is not the proper avenue for examining the admissibility of criminal convictions in a civil case; rather, court must determine the admissibility of such convictions under rule 608(b) of these rules permitting evidence of specific instances of conduct of a witness for the purpose of attacking or supporting his credibility if, in court's discretion, it is probative of truthfulness or untruthfulness, and this rule enunciating a general probative value-prejudice test.

**CERTIFICATION**

I hereby certify that I mailed and emailed a true copy of the within to Marc DeSisto, Esq., DeSisto Law, 211 Angell Street, P.O. Box 2563, Providence, Rhode Island 02906-2563, on this 15 day of May, 2006.