UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ROBERT L. OLIVER,

*Plaintiff,*

vs. C.A. NO. 05-167T

JOHN LEMA, KEITH MEDEIROS, THE TOWN OF BRISTOL DEPARTMENT OF POLICE

*Defendants.*

**DEFENDANTS, KEITH MEDEIROS AND THE TOWN OF BRISTOL'S OBJECTION TO THE PLAINTIFF'S MOTION IN LIMINE**

Now come the defendants, Keith Medeiros and the Town of Bristol and object to the plaintiff's motion in limine to limit the admissibility of evidence regarding the alleged underlying facts occurring prior to the unchallenged arrest of the plaintiff. Defendants rely on their memorandum of law attached and incorporated herein.

C.A. No. 05-167T

Defendants,
By their Attorneys,

Marc DeSisto, Esq. (#2757)
DESISTO LAW
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563
Phone: (401) 272-4442
Fax: (401) 272-9937
Email: marc@desistolaw.com

Karen K. Corcoran, Esq. (#6877)
DESISTO LAW
211 Angell Street
P.O. Box 2563
Providence, RI 02906
Phone: (401) 272-4443
Fax: (401) 272-9937
Email: karen@desistolaw.com

C.A. No. 05-167T

CERTIFICATION OF SERVICE

I hereby certify that a true copy of the within was mailed, postage prepaid, on this 23rd day of May, 2006, to:

Keven A. McKenna, Esq.
Keven A. McKenna, P.C.
23 Acorn Street
Providence, RI 02903

Laura Soz

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ROBERT L. OLIVER,<br><br>*Plaintiff,*<br><br>vs.<br><br>JOHN LEMA, KEITH MEDEIROS, THE TOWN OF BRISTOL DEPARTMENT OF POLICE<br><br>*Defendants.* | C.A. NO. 05-167T |

**DEFENDANTS, KEITH MEDEIROS AND THE TOWN OF BRISTOL'S MEMORANDUM OF LAW IN SUPPORT OF THEIR OPPOSITION TO THE PLAINTIFF'S MOTION IN LIMINE**

## I. INTRODUCTION

The plaintiff moves, in limine, to preclude any evidence concerning the underlying facts upon which the officers charged and arrested the plaintiff with felony domestic assault. Defendants object to the plaintiff's motion submitting that this evidence is relevant.

## II. THE ISSUE

Is evidence, relating to the charges upon which the plaintiff was arrested, admissible?

## III. EXPECTED TESTIMONY

The defendants are expected to testify that on April 10, 2002, they received a complaint from an individual named Steven Van Rensselaer a mentally impaired man, with whom the plaintiff had been living. Mr. Van Rensselaer alleged that he had been beaten by the plaintiff and another individual. The police noted that he was extremely shaken, in poor physical condition, dirty, burned, and unsanitary. He told the police that the burns had been made with a blow torch by the plaintiff and he further alleged that the plaintiff had allowed his dogs to bite

Mr. Van Rensselaer in various places. He also alleged that he had been taken to Massachusetts and that a flat bed truck had been used to attempt to crush his hands, feet and head. The police then determined that the plaintiff should be arrested on a felony domestic assault charge.

## IV. WHY THIS TESTIMONY IS ADMISSIBLE

Defendants expect that the plaintiff may argue that there was no need to bring him to the station after informing him of his arrest. Rather, the plaintiff may argue that because of his physical condition he should have been allowed to simply appear in Court or even at the station by his own voluntary appearance. However, the fact that the allegations provided probable cause of a felony domestic assault coupled with the nature of those allegations, mandated that the plaintiff be taken to the station after his arrest.

Defendants' primary defense is factual in that excessive force was not used in the arrest and transport of the plaintiff. However, defendants also note that the prior knowledge of the conduct and character of the accused can be factored in to a police officer's decision regarding the proper amount of force to use. (The knowledge of the police officer forms part of the "facts and circumstances attendant to the decision to use the particular degree of force" *See, Senra vs. Cunningham, 9 F.3d 168 (1st Cir. 1993)*. In this case, the fact that the plaintiff refused to voluntarily walk out of his house after the arrest (he dropped to the ground) together with the fact that the police heard dogs barking and plaintiff's mother yelling at them, mandated that they simply carry him from his home to the patrol car.

## V. CONCLUSION

For the reasons stated, defendants respectfully object to the plaintiff's motion in limine and ask that it be denied.

Defendants,
By their Attorneys,

Marc DeSisto, Esq. (#2757)
DESISTO LAW
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563
Phone: (401) 272-4442
Fax: (401) 272-9937
Email: marc@desistolaw.com

Karen K. Corcoran, Esq. (#6877)
DESISTO LAW
211 Angell Street
P.O. Box 2563
Providence, RI 02906
Phone: (401) 272-4443
Fax: (401) 272-9937
Email: karen@desistolaw.com

C.A. No. 05-167T

CERTIFICATION OF SERVICE

I hereby certify that a true copy of the within was mailed, postage prepaid, on this 23rd day of May, 2006, to:

Keven A. McKenna, Esq.
Keven A. McKenna, P.C.
23 Acorn Street
Providence, RI 02903

[signature]